IDT TELECOM, INC.; Union Telecard Alliance, LLC, Appellants

v.

CVT PREPAID SOLUTIONS, INC.; Dollar Phone Service, Inc.; Dollar Phone Enterprise, Inc.; Dollar Phone Corp.; Dollar Phone Access, Inc.; Epana Networks, Inc.; Locus Telecommunications, Inc.; STI Phone Card, Inc.; Telco Group, Inc.; VOIP Enterprises, Inc.; Find & Focus Abilities, Inc.; Total Call International, Inc.; John Does 1–100; STI Prepaid.

No. 07–2544.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 28, 2007.

Filed: Oct. 9, 2007.

John J. Gibbons, Kevin McNulty, Donald A. Robinson, Robinson & Livelli, Newark, NJ, Gerald J. Ferguson, Tracy L. Cole, Baker & Hostetler, New York, NY, for Appellants.

Steven L. Menaker, Chasan, Leyner & Lamparello, Secaucus, NJ, John R. Goldman, Herrick, Feinstein, Newark, NJ, Michael Dore, Lowenstein Sandler, Roseland, NJ, Edward T. Kole, Wilentz, Goldman & Spitzer, Woodbridge, NJ, Bruce A. Colbath, Randi W. Singer, Weil, Gotshal & Manges, New York, NY, for Appellees.

Before: McKEE, BARRY and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

IDT Telecom, Inc. and Union Telecard Alliance, LLC (collectively "Appellants") appeal the District Court's Order denying the Appellants requested injunctive relief against CVT Prepaid Solutions, Inc., STi Phonecard, Inc., Telco Group, Inc., VOIP Enterprises, Inc., Find & Focus Abilities, Inc., Total Call International, Inc., and STi Prepaid (collectively "Appellees").[1] The Appellants claim that the District Court erred by (1) holding that they failed to demonstrate the likelihood of irreparable harm, (2) applying the wrong legal standards for causation under the Lanham Act, and state consumer protection statutes, (3) committing legal error by failing to give weight to the public interest at issue in this case, and (4) denying relief on the grounds that IDT had unclean hands. For the reasons that follow, we will affirm the District Court's judgment.

## I.

As we write only for the parties, who are familiar with the factual context and the procedural history of the case, we will set forth only those facts necessary to our analysis. In their Complaint, the Appellants asserted claims for false advertising under the Lanham Act and violations of the consumer protection statutes of New Jersey, New York, California, Illinois, and Florida. All of the parties are engaged in the prepaid calling card business, and the dispute is centered around the advertising of the number of minutes a consumer receives when he or she purchases these calling cards.

Advertising posters and voice prompts[2] are the main sources of information re-

---

1. Although Dollar Phone Services, Inc., Dollar Phone Enterprises, Inc., Dollar Phone Corp., Dollar Phone Access, Inc., Epana Networks, Inc., and Locus Telecommunications, Inc., are listed as Appellees in the caption, the claims against these entities were settled and dismissed without prejudice in the District Court before the denial of the injunction. Therefore, they are not part of this appeal.

2. Generally, in order to use a prepaid calling card, a consumer dials an access number. The consumer is then directed to enter the code or personal identification number ("PIN") that is located on the back of the purchased calling card. Once the PIN is entered and recognized by the system, the consumer is directed to enter the telephone number that he or she wishes to call. Then, a

garding the number of minutes on a particular calling card for calls to a particular destination. The Appellants discovered in 2006 that some of its competitors were offering a higher number of minutes for low-priced calling cards. After testing some of its competitors' calling cards, the Appellants allegedly learned that the cards were not actually providing the number of minutes promised, rather the cards provided fewer minutes than what was advertised.[3] According to the Appellants, unlike their competitors, they provide one-hundred percent of the minutes advertised. The Appellants claim that this "false advertising" by their competitors caused them to lose consumers, which in turn caused distributors to reduce the number of the Appellants' prepaid calling cards they purchase. This loss, according to the Appellants, was a loss of market share, as the Appellees' sales increased during the same time period. They also claim that their distribution network, commercial relations and goodwill have been irreparably harmed.

The Appellants brought suit in the District Court in March 2007, claiming violations of the Lanham Act and state consumer protection statutes. They also sought a preliminary injunction to prevent the Appellees from continuing to engage in these allegedly false advertising practices. The District Court granted the Appellants' request for expedited discovery and a preliminary injunction hearing.

At the hearing on May 9, 2007, the District Court denied the Appellants' motion for a preliminary injunction.[4] Although the District Court found that a public interest existed in accurate representations to consumers regarding the number of minutes they receive when they purchase a calling card, it determined that the Appellants did not meet their burden of demonstrating that they would suffer irreparable harm. It reached this conclusion because the Appellants failed to show that they would suffer any harm other than just a financial loss or a loss of market share.[5] Although such a finding constitutes a sufficient basis on which to deny the injunction, the District Court also held that regardless of the type of loss, the Appellants also failed to prove causation. Further, the District Court suggested that the Appellants may have unclean hands as they appeared to be engaging in the same conduct that they were trying to prevent the Appellees, their competitors, from engaging in via the injunction. Therefore, the District Court denied the Appellants' request for a preliminary injunction. This expedited appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1). An injunction "is an extraordinary remedy, which should be granted only in limited circumstances." *Frank's GMC Truck*

---

voice prompt informs the consumer of the number of minutes available on the card for that particular call.

3. According to the Appellants, on average, the Appellees' calling cards provide only sixty percent of the minutes advertised.

4. The District Court did not decide whether the voice prompts fell under the auspices of the Lanham Act, but held it was clear that the posters were covered by the Act. The court

explained that it did not need to reach the issue on the voice prompts because it was denying the injunction.

5. The District Court also stated that it was not convinced that the Appellees would suffer greater harm as the injunction was seeking to require that the Appellees provide consumers with accurate information about the number of minutes available on a particular calling card.

*Center, Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir.1988). "We review the District Court's factual determinations for clear error, but we give plenary review to its legal conclusions." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir.2000). "We review the denial of a preliminary injunction for 'an abuse of discretion, an error of law, or a clear mistake in the consideration of proof.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir.2004) (internal citation omitted).

## III.

In order for a party's request for a preliminary injunction to be granted, the party must show (1) a reasonable probability of success on the merits, (2) that it will be irreparably harmed if the injunction is not granted, (3) that the non-moving party will not suffer greater harm if the injunction is granted, and (4) that the public interest at stake favors the granting of an injunction. *See Child Evangelism Fellowship of N.J., Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir.2004). We have also made clear that if the moving party fails to demonstrate either a likelihood of success or irreparable harm, the first two prongs, an injunction should not be granted. *See In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir.1982).

As the Appellants argue, we have held that a loss of market share can constitute irreparable harm. *See Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharms. Co.*, 290 F.3d 578, 596 (3d Cir.2002). However, this does not change the fact that a preliminary injunction should not be granted if the injury suffered by the moving party can be recouped in monetary damages. *See Frank's GMC*, 847 F.2d at 102 ("[A] purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement...."). At the preliminary injunction hearing the Appellants implicitly admitted that the alleged harm they suffered could be calculated in money damages. After explaining that some loss of market share was caused by factors other than the Appellees' alleged false advertising, counsel for the Appellants stated: "We're going to have a real hard time. I'm not saying we won't be [sic] able to put forward damage numbers, but our ability to fully capture the damages is going to be severely undermined by the fact that the [Appellees] are going to tell you there may be a number of other factors that may be causing this loss also." (J.A. 1011).[6] As the statement suggests, the Appellants believed that their market losses could be recouped through monetary damages. The only other evidence that IDT points to in support of a potential irreparable injury is its loss of reputation or goodwill. Although we have recognized that such losses may constitute irreparable harm, *see Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 805 (3d Cir.1998), our case law also indicates that such harm is limited to "the special problem of confusion that exists in cases involving trademark infringement and unfair competition." *Acierno v. New Castle County*, 40 F.3d 645, 653–54 (3d Cir.1994). As the harm claimed by the Appellants is not analogous to the harm caused by consumer confusion, the line of cases recognizing loss of goodwill or reputation as irreparable harm is not applicable. Based on the record we cannot say that the District Court abused its discretion in denying injunctive

---

**6.** It bears mention that this also bolsters the District Court's finding that the Appellants would not be likely to succeed on the causation issue, which is a necessary element under the likelihood of success prong.

relief because the Appellants failed to meet their burden of proving irreparable harm.[7]

## IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

**7.** As we agree that the Appellants failed to prove irreparable harm, which is a sufficient basis for the denial of a preliminary injunc- tion, it is unnecessary for us to reach their remaining arguments. *See In re Arthur Treacher's,* 689 F.2d at 1143.